UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Ruth Waters,<br><br>    Plaintiff,<br><br>    v.<br><br>Andrew Saul, Commissioner of Social Security,<br><br>    Defendant. | No. 2:20-cv-00664-KJM-DMC<br><br>ORDER |

Plaintiff Mary Ruth Waters received a favorable judgment on review of a final decision of Social Security denying her application for disability insurance benefits. She moves for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). **The motion is granted.**

**I.  BACKGROUND**

On January 27, 2021, counsel for plaintiff filed a motion for attorney's fees based on this court's order reversing and remanding this case for a new hearing and decision, 42 U.S.C. § 405(g). Mot. at 1, ECF No. 29; Reply, ECF No. 31. She seeks compensation for 36 of the total 42.7 hours expended by her attorney in preparing this case at the hourly rate of $204.00, as well as costs in the amount of $225.00, for a total amount of $7,569. Mot. at 5. Counsel has provided a statement of attorney hours describing the activities he completed and summarized the hours spent litigating this case. *See* Chermol Decl. at 3, ECF No. 29-1. Defendant opposes plaintiff's

1

petition because: (1) this is a routine social security case, (2) counsel has considerable experience in social security law, and (3) the procedural history of this case is straightforward. *See* Opp'n, ECF No. 30.

## II.  ANALYSIS

Under the EAJA a prevailing party is entitled to reasonable attorney's fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of proving its position was substantially justified. *See Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir.1996). Defendant agrees plaintiff is entitled to an award of fees under the EAJA but argues plaintiff's counsel's expenditure of 36 hours for reviewing the administrative record, conducting legal research, and drafting court documents is excessive and plaintiff's attorney should only be reimbursed for 27.4 hours of attorney time. *See* Opp'n at 3, 7. Additionally, given plaintiff's counsel's experience in social security matters, the "straightforward procedural history of this case, and the issues presented," the government says the number of hours expended on this case are unreasonable. *See id*. at 3.

After careful review of the record and the pending motion, the court disagrees that the factors defendant identifies justify a reduction in the hours claimed by plaintiff's counsel. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 (9th Cir. 2012) ("[I]t is improper for district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits."). While defendant challenges the reasonableness of hours spent to finish drafting the opening brief, *see* Opp'n at 3, over twenty-two of the hours questioned by defendant were devoted to review of the "massive 1,000+ page transcript" to eliminate issues and prepare the opening brief. Chermol Decl. at 3 (noting entries for July 26, 2020; August 1, 2020; August 2, 2020; August 5, 2020). The court is persuaded by plaintiff's argument that going through an enormous record to draft a comprehensive and persuasive opening brief, "which convinced [Social Security Administration (SSA)] to cease its defense," saved plaintiff, the SSA and the court "a great deal of time." Chermol Decl. at 4.

The expertise of plaintiff's counsel does not make the hours expended unreasonable. *Costa*, 690 F.3d at 1136 (9th Cir. 2012) ("Surveying . . . attorneys of comparable experience and skill is a useful tool . . . [b]ut it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including . . . the size of the record"). Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail. Many courts in the Ninth Circuit have awarded attorney's fees in social security cases for a range of 30 to 40 hours and plaintiff's counsel's time falls within that range. *See, e.g.*, *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000) (collecting cases noting courts commonly approve reasonableness of hours expended in the range between 30-40 hours in disability appeals). The court finds plaintiff's counsel reasonably expended a total of 36 hours reviewing the record, performing research, drafting court documents and litigating the merits of this case.

Finally, defendant argues plaintiff's counsel is not entitled to $225 in costs for his pro hac vice application fees. *See* Opp'n at 6 (citing *Gibby v. Astrue*, No. 2:09CV29, 2012 WL 3155624, at *8 (W.D.N.C. Aug. 2, 2012) ("*Pro hac vice* fees are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a [defendant] simply because a [plaintiff] chooses to be represented by counsel not admitted to practice in the district." (brackets in original))). This court is not persuaded. As the prevailing party in this litigation, plaintiff is entitled to an award of costs and expenses under the EAJA. *See* 28 U.S.C. § 2412(a)(1) ("a judgment for costs, as enumerated in 28 U.S.C. § 1920 . . . may be awarded to the prevailing party"). Because the court may tax pro hac vice fees charged by the Clerk of the Court as "Fees of the clerk" under 28 U.S.C. § 1920(1), plaintiff reasonably incurred litigation costs in the amount of $225.

### III.  CONCLUSION

For the reasons discussed above, plaintiff's motion for attorney's fees under EAJA is **granted**. Plaintiff is awarded $7,344.00 for 36 hours of attorney time at $204.00 per hour, plus $225.00 for costs and expenses, for a total amount of $7,569. Defendant shall determine whether

plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall make payment of fees directly payable to plaintiff's counsel promptly.

This order resolves ECF No. 29.

IT IS SO ORDERED.

DATED: May 17, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE